# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

KRISTEN SHOMER,

        Plaintiff,

v.

ONE WEST BANK, FSB, et. al.,

        Defendants.

2:11-cv-00546-PMP-LRL

**O R D E R**

Plaintiff has submitted an Application to Proceed *In Forma Pauperis* and a Complaint (#1). The court finds that plaintiff is unable to prepay the filing fee.

**I.**     ***In Forma Pauperis*** **Application**

Plaintiff has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that she is unable to prepay fees and costs or give security for them. Accordingly, her request to proceed *in forma pauperis* will be granted pursuant to § 1915(a).

**II.**     **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all

material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### III. Instant Complaint

Plaintiff sets forth claims for failure to comply with RESPA rules; fraud and intentional deceit; breach of contract and the covenant of good faith and fair dealing; fraudulent foreclosure; and failure to comply with "fair debt collection act" rules. The claims all stem from circumstances surrounding a foreclosure of property for which plaintiff was paying on a loan.

**Failure to Comply with RESPA Rules**

Plaintiff alleges that defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq*. Specifically, plaintiff claims defendants accepted kickbacks and unearned fees in real estate services, which implicates § 2607. As a general rule, RESPA does not create express or implied private rights of action. *Collins v. FMHA-USDA*, 105 F.3d 1366, 1367-68 (11th Cir.1997); *Bamba v. Resource Bank*, 568 F.Supp.2d 32, 34-35 (D.D.C.2008); *Morrison v. Brookstone*, 415 F.Supp.2d 801, 806 (S.D.Ohio 2005); *McWhorter v. Ford Consumer Fin. Co.*, 33 F.Supp.2d 1059, 1064 (N.D.Ga.1997). However, a limited exception to this rule exists where a specific statutory provision, such as § 2607, mentions such a right. *Urbina v. Homeview Lending Inc.*, 681 F.Supp.2d 1254, 1259 (D. Nev. 2009) (citing *Bloom v. Martin*, 865 F.Supp. 1377, 1384-85 (N.D.Cal.1994)). Plaintiff alleges that defendants engaged in double charging for the same services without providing for any additional service and accepted kickbacks and unearned fees. Accepted as true for the purposes of this review, plaintiff has alleged a sufficient basis for a violation of § 2607.

**Fraud and Intentional Deceit**

In order to state a claim for fraud in Nevada, a plaintiff must allege that (1) the defendant made a false representation; (2) the defendant knew or believed the representation to be false; (3) the defendant intended to induce plaintiff to rely on the misrepresentation; and (4) the plaintiff suffered damages as a result of his reliance. *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 956 P.2d 1382, 1386 (1998). Under this count, plaintiff lists a number of legal propositions regarding foreclosure, but she does not set forth facts sufficient to support each of the elements of a fraud claim. She states that the defendants are not present holders of the of the promissory note instrument and did not have authority to execute and record the NOD.[1] However, such representations do not state a claim for fraud. Therefore plaintiff's claim for Fraud and Intentional Deceit is dismissed without prejudice with leave to amend.

**Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing**

To prevail on a breach of contract claim, a plaintiff must demonstrate: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages resulting from defendant's breach. *Saini v. Int'l Game Tech.*, 434 F.Supp.2d 913, 919–20 (D.Nev.2006); *Brown v. Kinross Gold U.S.A., Inc.*, 531 F.Supp.2d 1234, 1240 (D.Nev.2008). Additionally, under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 105 Nev. 913, 784 P.2d 9, 9 (1989) (quoting Restatement (Second) of Contracts § 205). "[W]hen one party performs a contract in a manner that is unfaithful to the purpose of the contract ... damages may be awarded against the party who does not act in good faith." *Hilton Hotels v. Butch Lewis Prods.*, 107 Nev. 226, 808 P.2d 919, 923 (1991).

Here, plaintiff states, "defendants do not have the authority to initiate the foreclosure process," and "Plaintiff and Lender entered into Loans so as to finance the purchase of the above referenced property." Complaint (#1) at 7. Even construing this latter statement as establishing the existence of a contract, plaintiff has not alleged facts under this count to show in what way defendants breached the

---

[1] Notice of Breach and Default and Election to Cause Sale of Real Property Under Deed of Trust

3

contract and how plaintiff was damaged. Accordingly plaintiff's claim for breach of contract will be dismissed with leave to amend.

Plaintiff's claim for breach of the duty of good faith and fair dealing likewise fails because she does not allege facts indicating that defendants breached an element of their agreement with plaintiff or were "unfaithful to the purpose of the contract." *See Hilton Hotels*, 808 P.2d at 923. Instead of asserting that defendants violated the terms of a specific agreement, plaintiff states that defendants do not have the authority to initiate the foreclosure process and engaged in predatory lending. Even assuming these assertions are true, plaintiff has not stated a viable claim because none of these allegations show that defendants violated the terms of a contract. The court therefore dismisses plaintiff's claim for breach of the covenant of good faith and fair dealing with leave to amend.

**Fraudulent Foreclosure**

The court construes plaintiff's claim for "fraudulent foreclosure" to be a claim for wrongful foreclosure. In Nevada, "[a]n action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Federal Sav. & Loan Ass'n,* 662 P.2d 610, 623 (Nev.1983). The central question is "whether the trustor was in default when the power of sale was exercised." *Id.* Here, plaintiff states that the defendants do not have the authority to execute and record the NOD and that "defendants signing and recording the 'NOD' without having the authority to execute and record the 'NOD' constitutes a fraudulent act." Such assertions, even if taken as true, do not set forth the facts necessary to state a claim for wrongful foreclosure. Plaintiff's claim for fraudulent foreclosure therefore will be dismissed for failure to state a claim upon which relief can be granted, with leave to amend.

**Failure to Comply with "Fair Debt Collection Act" Rules**

Plaintiff's claim for under the Fair Debt Collection Practices Act must fail because foreclosure

4

does not constitute debt collection within the meaning of that Act. *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985); *see also Diessner v. Mortgage Electronic Registration Systems*, 618 F.Supp.2d 1184, 1188-89 (D.Ariz.2009) (finding that mortgagees and their beneficiaries are not debt collectors subject to the Act). "'The activity of foreclosing on [a] property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA.'" *Id.* (quoting *Perry*, 756 F.2d at 1208). Accordingly, plaintiff's claim for failure to comply with the Fair Debt Collection Practices Act must be dismissed.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security. This Order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court shall file the Complaint, issue summons to the defendants named in the complaint, and deliver the same to the U.S. Marshal for service.

IT IS FURTHER ORDERED that the plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any. If the plaintiff wishes to have the U.S. Marshal attempt service again on any unserved defendants, then a motion must be filed with the court identifying the unserved defendants, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

IT IS FURTHER ORDERED that from this point forward, plaintiff shall serve upon defendants, or their attorney if they have retained one, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for

5

filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or their counsel. The court may disregard any paper received by a district judge, magistrate judge, or the Clerk which fails to include a certificate of service.

      IT IS FURTHER ORDERED that plaintiff's claims for fraud and intentional deceit; breach of contract and the covenant of good faith and fair dealing; fraudulent foreclosure; and failure to comply with "fair debt collection act" rules are dismissed without prejudice, subject to leave to amend.

      IT IS FURTHER ORDERED that plaintiff, if she chooses to do so, must file an amended complaint not later than June 25, 2011 or the dismissed claims may be dismissed with prejudice. Plaintiff is advised that under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the court.

      DATED this 26th day of May, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**